**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                      No. CR 04-2197 JB

RUBEN MELO-VALENCIA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion for Sentencing Hearing In Absentia, filed March 11, 2010 (Doc. 166). The Court held a hearing on June 16, 2010. The primary issue is whether the Court should sentence Defendant Ruben Melo-Valencia *in absentia*. Because the Court concludes that Plaintiff United States of America has not established, by a preponderance of the evidence, that Melo-Valencia is voluntarily absenting himself from his proposed sentencing in Las Cruces, New Mexico, the Court will deny the United States' motion and decline to sentence him *in absentia*.

**PROCEDURAL BACKGROUND**

On November 4, 2004, a federal grand jury in Las Cruces returned a two-count indictment against Melo-Valencia, charging him in Count I with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and charging him in Count 2 with possession with intent to distribute 100 kilograms and more of marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. On April 11, 2006, Melo-Valencia pled guilty to both counts of the indictment. On November 20, 2006,

Case 2:04-cr-02197-JB   Document 168   Filed 06/28/10   Page 2 of 10

the Honorable Robert Brack, United States District Judge for the District of New Mexico, entered an order amending Melo-Valencia's conditions of release to permit travel to Mexico to make funeral arrangements for his son and to attend his son's funeral.  See Doc. 143.

Additionally, Melo-Valencia was ordered to return to the United States and report to his Pretrial Services Officer no later than December 4, 2006.  On December 4, 2006, Melo-Valencia filed a Stipulated Motion to Extend Travel Permit, see Doc. 144, which Judge Brack granted on the same date, see Stipulated Order to Extend Travel Permit, filed December 4, 2006 (Doc. 145). Melo-Valencia was ordered to report to his Pretrial Services Officer on December 11, 2006.

Melo-Valencia is not a citizen of the United States and is a citizen of the Republic of Mexico.  Melo-Valencia absconded sometime between December 11, 2006, and August 24, 2007. Melo-Valencia was detained at the United States-Mexico international border when he attempted to return to the United States after his son's funeral.  Subsequent to intervention by the United States Attorney's Office, Melo-Valencia was allowed to enter the United States for sentencing.

The Court attempted to set the sentencing hearing, but Melo-Valencia's attorney, Herman Ortiz, was never available when Judge Browning was in Las Cruces.  While the United States asserts that the sentencing hearing was continued, the Court did not set a hearing until August 13, 2007, see Doc. 155, when it realized it was not going to get an available date from Mr. Ortiz.  The Court set the sentencing hearing for August 28, 2007.  At some point before his sentencing date, the United States Border Patrol encountered and deported Melo-Valencia.  Melo-Valencia attempted to return to appear for sentencing, as he was determined to keep his word to Judge Brack.  Despite requests by the United States Attorney's Office, Melo-Valencia was not allowed to return for his

August 28, 2007 sentencing hearing. See Doc. 155.[1] On August 24, 2007, the Court vacated the sentencing, see Doc. 156, and no further entries were made on the docket as to Melo-Valencia.

Melo-Valencia remains a fugitive. The United States attempted but was unable to reach Mr. Ortiz for his position on this motion before filing it. The United States requests that the Court, pursuant to rule 43(c)(1)(B) of the Federal Rules of Criminal Procedure, sentence Melo-Valencia *in absentia*. Because Melo-Valencia pled guilty on April 11, 2006, the United States requests the Court set a sentencing hearing for him.

On June 7, 2010, the Court set the United States' motion for a hearing. See Doc. 167. On June 7, 2010, the Court's Courtroom Deputy Clerk, K'Aun Wild, contacted Mr. Ortiz to find out if he had received the Notice of the Hearing. He stated that he had not checked his electronic mail that day and was not aware that a motion had been filed. Mr. Ortiz is delinquent in the payment of his federal bar dues, and the Court directed Case Administrator Karen Francisco to notify Mr. Ortiz that his annual dues are past due.

At the hearing, the Court inquired what the United States had done to try to track down Melo-Valencia or otherwise determine whether his absence was voluntary. Assistant United States Attorney Luis A. Martinez conceded that the only efforts the United States had made thus far were to speak to Herman Ortiz, Melo-Valencia's attorney. See Transcript of Hearing at 3:23-4:7 (taken June 16, 2010)("Tr.")(Court, Martinez). Mr. Ortiz opposed the motion, asserting that the United States had no evidence showing that Melo-Valencia's absence was voluntary, and, in the absence of such evidence, sentencing in absentia is improper. See Tr. at 8:21-12:7 (Court, Ortiz). After

---

[1] Even after the hearing, it remains unclear who stopped Melo-Valencia from returning to the United States, but, given his immigration status, it is likely that United States Border Patrol agents turned him away at the United States border.

Mr. Ortiz' argument, Mr. Martinez conceded that "it would be hard for [him] to say that [Melo-Valencia] was voluntarily absent." See id. at 12:9-13 (Court, Martinez).

## LAW REGARDING SENTENCING *IN ABSENTIA*

Unless some portion of rule 43 provides otherwise, a defendant must ordinarily be present at sentencing. The provision that might provide for sentencing *in absentia* in this case states:

> **(c) Waiving Continued Presence.**
>
> > **(1) In General.** A defendant who was initially present at trial, or who had pleaded guilty or nolo contendre, waives the right to be present under the following circumstances. . . .
> >
> > > **(B)** in a noncapital case, when the defendant is voluntarily absent during sentencing. . . .

Fed. R. Crim. P. 43(a) & (c)(1)(B).[2] In 1995, rule 43 was amended to "make clear that a defendant who . . . has entered a plea of guilty . . . but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia." Fed. R. Crim. P. 43 advisory committee's note. See, e.g., Tweedy v. State, 380 Md. 475, 492, 845 A.2d 1215, 1225 (2004)(commenting that rule 43 of the Federal Rules of Criminal Procedure "was amended in 1995, and now permits the district court to sentence a defendant who has pled guilty *in absentia* when the defendant is voluntarily absent."). Moreover, at least three Courts of Appeals have upheld a district court's decision to sentence a defendant in absentia after the defendant pleaded guilty or was found guilty at trial. See United States v. Achbani, 507 F.3d 598, 602 (7th Cir. 2007)(holding that the district court did not err in finding the defendant voluntarily absent during sentencing when the defendant absconded after he pled guilty and after the United States conducted an investigation into alternative possibilities for

---

[2] The rule also provides that a defendant need not be present when rule 5 or rule 10 applies. Those rules, however, deal with initial appearances and arraignments, respectively.

his absence, e.g., the defendant's immigration status); United States v. Robinson, 390 F.3d 853, 886-87 (6th Cir. 2004)(holding the district court did not err in finding the defendant voluntarily absent during sentencing when the defendant escaped from custody after his jury trial that resulted in a guilty verdict); United States v. Jordan, 216 F.3d 1248, 1250-51 (11th Cir. 2000)(holding that, by escaping from custody after the defendant pled guilty, the defendant was voluntarily absent from sentencing and properly sentenced *in absentia*).

Absence alone, however, is insufficient to warrant imposition of a sentence in the defendant's absence; the defendant's absence must be voluntary. See United States v. Jordan, 216 F.3d 1248, 1249-50 (11th Cir. 2000)(noting that the district court must, explicitly or implicitly, find that the defendant was voluntarily absent). The United States Court of Appeals for the Seventh Circuit has gone so far as to state that district courts "should indulge every reasonable inference against a finding of voluntary absence." 509 F.3d at 601. In United States v. Achbani, the Seventh Circuit affirmed a district court's decision to sentence defendant Achbani *in absentia* because, in the court's words, "[t]he district court took all the necessary steps to ensure that Mr. Achbani's absence was voluntary, and the evidence overwhelmingly suggested that he had fled the jurisdiction to avoid imprisonment." 507 F.3d at 599. Those steps included postponing the sentencing and requiring the United States to investigate the voluntariness of the defendant's absence. See id. at 599-600. In United States v. Achbani, the district court relied upon the United States' representation that Immigration and Customs Enforcement had record of a man with Achbani's name using a Moroccan passport to leave the country and fly to Austria, and that Achbani possessed a Moroccan passport when he was arrested. See id. at 600.[3] Before the sentencing hearing, the United States

---

[3] The United States represented that it possessed Achbani's original passport, but suggested that Achbani might have somehow obtained another.

presented further evidence that Achbani had fled the country. A woman purporting to be Achbani's girlfriend had told law-enforcement officers that Achbani had one day disappeared and, later that month, called to tell her he was visiting family in France. See id.

In United States v. Watkins, 86 Fed. Appx. 934 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit showed substantial deference to the district court's factual finding that the defendant was voluntarily absent, but clearly demanded that finding of voluntary absence to warrant sentencing a defendant *in absentia*. Watkins was indicted for, and pled guilty to one count of, bank fraud. See 86 Fed. Appx. at 935. Watkins was released on bond before his indictment, but, even after his plea, was allowed to remain at large. See id. Before sentencing, Watkins' pretrial services officer filed a petition to revoke Watkins' bond because he tested positive for cocaine and marijuana. See id. The district court issued a warrant for his arrest, but he was not apprehended. See id. Watkins did not show up on the morning of his sentencing, but his attorney represented that he had spoken to Watkins and that Watkins was delayed by car problems. See id. at 935-36. After an hour and ten minutes, the district court concluded that Watkins was voluntarily absent and proceeded with sentencing, over defense-counsel's objections. See id. at 936. The Sixth Circuit upheld the district court's factual determination, finding that it was not clearly erroneous to conclude that Watkins' absence was voluntary.

> As the district court properly noted . . . , "[s]tanding alone, absence from sentencing due to a car problem is probably not sufficient to find that the defendant's absence is voluntary." See, e.g., United States v. Mackey, 915 F.2d 69 (2d Cir. 1990). Here, however, the district court found Watkins "voluntarily absent" based on his pattern of evading legal supervision and arrest. Pursuant to the terms of his release prior to sentencing, Watkins was required to report to pretrial services on a routine basis, submit to drug testing, and not use controlled substances. But he twice failed to report, as ordered, to pre-trial services, after which the district court issued a warrant for his arrest and revoked his bond. Watkins then remained at-large on the outstanding arrest warrant for three months, until the afternoon of his sentencing. In addition, Watkins violated the terms of his release by using controlled substances.

United States v. Watkins, 86 Fed. Appx. at 936.

Although the weight of the burden upon the United States seems to differ from case to case, the Circuit Courts of Appeals are uniform in holding that it is a burden placed upon the United States. Some, such as the Seventh Circuit, indicate the burden is relatively onerous, see United States v. Achbani, 507 F.3d at 602 (finding that the district court's voluntariness finding was not clear error where "[t]he district court postponed Mr. Achbani's sentencing two times over three months; . . . drew every possible reasonable inference in his favor; and . . . required that, before sentencing would proceed, the Government had to conduct an investigation into the alternative possibilities that counsel identified, especially Mr. Achbani's immigration status."), while others do not require the district court to make every inference in favor of the defendant, see United States v. Watkins, 86 Fed. Appx. at 936 (finding no clear error where the district court, based on his history of avoiding custody and violating conditions of release, did not credit Watkins' car-trouble excuse). So far as the Court's research has determined, the Tenth Circuit has yet to weigh in on this issue.

## ANALYSIS

It is true that, on the Court's reports for its cases, Melo-Valencia is listed as a fugitive, and that he has been in that status since sometime between December 11, 2006, and August 24, 2007. On the other hand, Melo-Valencia is not a typical fugitive. He apparently wants to keep his word to Judge Brack and appear for sentencing.

The Court has a difficult time saying that Melo-Valencia is voluntarily absenting himself from the United States. In reality, the United States is preventing him from appearing. It does not matter whether the agency barring re-entry is the United States Attorney's Office or the Border Patrol. In the end, the Executive Branch of the United States government is preventing Melo-Valencia from coming back to the United States.

If the State of New Mexico had Melo-Valencia in prison in Santa Fe, or if the United States had him in prison in Pecos, Texas, and the prison authorities would not let him come to a sentencing in Las Cruces, the Court would not say that Melo-Valencia was absenting himself voluntarily. The Court does not see a material distinction between the prison situation and Melo-Valencia's current situation. Accordingly, the Court declines to make the indispensable factual finding under rule 43 that Melo-Valencia is voluntarily absent. See United States v. Achbani, 507 F.3d at 602 (citing that Achbani might have been taken into custody based on his immigration status as a possible involuntary basis for his absence); United States v. Robinson, 390 F.3d at 886-87; United States v. Watkins, 86 Fed. Appx. at 936-37; United States v. Jordan, 216 F.3d at 1250-51.

The record before the Court strongly suggests -- and the United States does not disagree -- that, at least at one time, Melo-Valencia would voluntarily present himself for sentencing if he could. The record suggests the United States Attorney's Office can, if it desires, get him over the United States-Mexico border for sentencing. See Tr. at 2:18-3:2 (Court, Martinez). Thus, the issue is whether he can be located. At the time of the hearing, the United States had made essentially no efforts to locate Melo-Valencia, but suggested that it had some investigative options available. Mr. Martinez suggested that the United States could contact Mexican law-enforcement offices to look for Melo-Valencia, speak with the Mexican consulate, or contact known living relatives of Melo-Valencia. See Tr. at 3:24-6:1 (Court, Martinez, Ortiz). Until the United States exhausts these avenues and provides a report stating it has exhausted its possibilities of locating Melo-Valencia, or that it located him and told him to come to sentencing and he declined, the Court does not believe it reasonably can make a finding of voluntary absence.

The United States argues that delaying Melo-Valencia's sentencing any further may make an informed sentencing decision unduly difficult. See Fed. R. Crim. P. 43 advisory committee's

note ("Delay in conducting the sentencing hearing . . . may result in difficulty later in gathering and presenting the evidence necessary to formulate a guideline sentence."). While the United States does not attempt to make any specific showing how delay will make Melo-Valencia's sentencing difficult, or what evidence it may need to gather for sentencing, the Court shares the United States' and the Advisory Committee's general concerns about the problems delay in sentencing can cause the parties and the Court. On the other hand, the parties stipulated to the amount of marijuana for which Melo-Valencia is accountable, the reduction for acceptance of responsibility, that he is a minimal participant, and that he is safety-valve eligible. Melo-Valencia has no prior juvenile or adult convictions. The parties have filed no objections. It appears that sentencing, whenever it occurs, will go relatively smoothly. At least in the circumstances of this case, there does not appear to be a sound reason to create an exception from the plain language of rule 43 because of the delay.

The Court will not sentence Melo-Valencia *in absentia*. The United States Attorney's Office has gotten him here once. Until they exhaust their vast resources and still fail to obtain Melo-Valencia's presence, the Court is unwilling to sentence him *in absentia*.

**IT IS ORDERED** that the United States' Motion for Sentencing Hearing *in Absentia* is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Luis A. Martinez
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Herman Ortiz
Garfield, New Mexico

    *Attorney for the Defendant*